UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 1:19-cv-01659-RLY-MJD |
| CELADON GROUP, INC., | ) ) | |
| Defendant. | ) ) | |

**FINAL JUDGMENT**

Today, the court granted the SEC's Motion for Judgment on the Pleadings.

Accordingly, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that

Defendant is permanently restrained and enjoined from violating, directly or

indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange

Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. §

240.10b-5], by using any means or instrumentality of interstate commerce, or of the

mails, or of any facility of any national securities exchange, in connection with the

purchase or sale of any security:

      (a)      to employ any device, scheme, or artifice to defraud;

      (b)      to make any untrue statement of a material fact or to omit to state a

                 material fact necessary in order to make the statements made, in the

                 light of the circumstances under which they were made, not

                 misleading; or

   (c)  to engage in any act, practice, or course of business which

     operates or would operate as a fraud or deceit upon any person.

  **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as

provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds

the following who receive actual notice of this Final Judgment by personal service or

otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b)

other persons in active concert or participation with Defendant or with anyone described

in (a).

  **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant

is permanently restrained and enjoined from violating Section 13(a) of the Exchange Act

[15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1, 13a-11 and 13a-13 thereunder [17 C.F.R.

§§ 240.12b-20, 240.13a-1, 240.13a-11, and 240.13a-13] by failing to file with the

Commission, in accordance with such rules and regulations as the Commission may

prescribe as necessary or appropriate for the proper protection of investors and to insure

fair dealing in the security, such accurate and complete information, reports, and

documents in accordance with, and as are required to be filed with the Commission

pursuant to Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and the Rules

thereunder, including but not limited to annual reports on Form 10-K [17 C.F.R. §

249.310], current reports on Form 8-K [17 C.F.R. § 249.308], and quarterly reports on

Form 10-Q [17 C.F.R. § 249.308a], and to include in such information, reports and

documents such further material information, if any, as may be necessary to make the

statements therein, in light of the circumstances under which they are made, not

misleading.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant is permanently restrained and enjoined from violating Sections 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§ 78m(b)(2)(A) and 78m(b)(2)(B)] by:

> (a)    failing to make or keep books, records, or accounts which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the issuer's assets; or

> (b)    failing to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that (i) transactions are executed in accordance with management's general or specific authorization; (ii) transactions are recorded as necessary (I) to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and (II) to maintain accountability for assets; (iii) access to assets is permitted only in accordance with management's general or specific authorization;

and (iv) the recorded accountability for assets is compared with

the existing assets at reasonable intervals and appropriate action is

taken with respect to any differences.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as

provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also

binds the following who receive actual notice of this Final Judgment by personal

service or otherwise: (a) Defendant's officers, agents, servants, employees, and

attorneys; and (b) other persons in active concert or participation with Defendant or

with anyone described in (a).

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that

Defendant is liable for disgorgement of $7 million, representing profits gained as a result

of the conduct alleged in the Complaint, with prejudgment interest thereon of

$541,633.70, both of which shall be deemed satisfied by the entry of an order of

restitution in the criminal proceeding, *United States v. Celadon Group, Inc.* (S.D. Ind.).

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the

Consent is incorporated herein with the same force and effect as if fully set forth herein,

and that Defendant shall comply with all the undertakings and agreements set forth

therein, including, but not limited to, the undertakings to:

(a)     Cooperate fully with the Commission in any and all investigations,

        litigations or other proceedings relating to or arising from the

        matters described in the Complaint;

(b)     Produce, without service of a notice or subpoena, any and all non-

4

privileged documents and other information reasonably requested by the Commission's staff, with a custodian declaration as to their authenticity, if requested;

(c)    Use its best efforts to cause Celadon's current and former employees, officers, directors and consultants to be interviewed by the Commission's staff as such times and places as the staff reasonably may direct;

(d)    Use its best efforts to cause Celadon's current and former employees, officers, directors and consultants to appear and testify truthfully and completely without service of a notice or subpoena in such investigations, depositions, hearings or trials as may be reasonably requested by the Commission's staff; and

(e)    In connection with any interviews of Celadon's current and former employees, officers, directors and consultants to be conducted pursuant to this undertaking, requests for such interviews may be provided by the Commission's staff by regular electronic mail to: Lloyd Winawer, Goodwin Procter LLP, 601 Marshall Street, Redwood City, CA 94063, (650)752-3146, lwinawer@goodwinlaw.com.

(f)    To fully remediate the deficiencies in its internal control over financing reporting that constituted material weaknesses as identified in Celadon's 8-K dated March 30, 2018 ("Material

Weaknesses"). Celadon will complete its remediation by September 30, 2019, and must within thirty (30) days thereafter, certify, in writing, compliance with this undertaking.

(g)     In the event Celadon fails to fully remediate the Material Weaknesses by the quarter ended September 30, 2019, Celadon will, within sixty (60) days, retain an independent consultant ("Independent Consultant"), not unacceptable to the staff of the Commission, to conduct a comprehensive review of the Material Weaknesses and of Celadon's policies, procedures, controls, and training relating to financial reporting; and to recommend, if and where appropriate, policies, procedures, controls, and training reasonably designed to ensure:

(1)     Celadon's internal control over financial reporting is effective;

(2)     Celadon has processes and internal controls in place to reasonably ensure that its equipment is tested for impairment when circumstances indicate that the carrying amount may not be recoverable; and

(3)     Celadon has processes and internal controls in place as part of the contract review and approval process to reasonably ensure proper accounting and legal review of any contracts that impact Celadon's financial reporting.

(h)     Cooperate fully with the Independent Consultant by providing

6

access to its own files, books, records, and personnel as reasonably requested for its review. Celadon's engagement of the Independent Consultant will require the Independent Consultant to complete its review and make its recommendations, if any, within four months of being retained. Celadon will promptly adopt all recommendations of the Independent Consultant; provided however, that within sixty (60) days after receiving the Independent Consultant's recommendations, Celadon may, in writing, advise the Independent Consultant and the Commission (addressed to the Assistant Director below) of any recommendation that it considers to be unnecessary, unduly burdensome, impractical, or costly. As to any such recommendations, Celadon shall within thirty (30) days thereafter propose in writing an alternative policy, procedure, or control designed to achieve the same objective or purpose. As to any recommendation on which Celadon and the Independent Consultant do not agree within forty-five (45) days, after attempting in good faith to reach an agreement, Celadon will abide by the determination of the Independent Consultant.

(i)     Require the Independent Consultant to enter into an agreement that provides that for the period of engagement and for a period of two years from the completion of the engagement, the Independent Consultant shall not enter into any employment, consultant,

7

attorney-client, auditing or other professional relationship with Celadon, or any of its present or former affiliates, directors, officers, employees, or agents acting in their capacity.  The agreement will also provide that the Independent Consultant will require that any firm with which he/she is affiliated or of which he/she is a member, and any person engaged to assist the Independent Consultant in performance of his/her duties under this Final Judgment shall not, without prior written consent of the Washington D.C. Office of the Commission, enter into any employment, consultant, attorney-client, auditing or other professional relationship with Celadon or any of its present or former affiliates, directors, officers, employees, or agents acting in their capacity as such for the period of the engagement and for a period of two years after the engagement.

(j)     Certify, in writing, compliance with the undertakings set forth above.  The certification shall identify the undertaking(s), provide written evidence of compliance in the form of a narrative, and be supported by exhibits sufficient to demonstrate compliance.  The Commission staff may make reasonable requests for further evidence of compliance, and Celadon agrees to provide such evidence.  The certification and supporting material shall be submitted to Robert J. Burson, Division of Enforcement, Securities and Exchange Commission, 175 W. Jackson Boulevard, Suite 1450,

8

Chicago, IL 60604, no later than sixty (60) days from the date of

the completion of the undertakings.

(k)     Require that these undertakings shall be binding upon any acquirer

or successor in interest to Celadon.  For good cause shown, the

Commission's staff may extend any of the procedural dates set forth

above.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this

court shall retain jurisdiction of this matter for the purposes of enforcing the terms of

this Final Judgment.

**SO ORDERED** this 1st day of July 2019.

_____

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana


Laura Briggs, Clerk
United States District Court


s/ _____
By: Deputy Clerk



Distributed Electronically to Registered Counsel of Record